(No. 82-CC-2352–)

*In re* APPLICATION OF IRENE SOENS.

*Opinion filed August 4, 1983.*

IRENE SOENS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Irene Soens, Claimant, filed a timely application for benefits under the Law Enforcement Officers and Fire-

men Compensation Act (Ill. Rev. Stat. 1979, ch. 48, pars. 281-285) as a result of the death of her husband, Orville J. Soens, on January 20, 1982. An investigation was made by the Attorney General pursuant to section 4 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 284), and the Attorney General then filed his report stating that he was unable to determine whether the decedent was killed in the line of duty and requesting a hearing on that issue. All other requirements have been satisfied.

Decedent was a firefighter for the Olive Fire Protection District in Livingston, Illinois, which is a volunteer fire department. At the time of his death he held the rank of captain. His duties included maintenance of the department's trucks and the evidence indicated he was performing this duty at the time of his death.

Robert Pollett, a firefighter for the Olive Fire Protection District, testified that when he visited the fire station at 4:55 p.m., on January 20, 1982, decedent was working in the garage area of the station. There were two trucks in the station, a tanker and a pumper. Decedent was working on the engine of the tanker. The engine was idling, and the doors and windows of the station were closed. Pollett remained in the station conversing with decedent for about 10 minutes. He did not notice any accumulation of exhaust fumes, although there was no device attached to the truck to vent the fumes to the outside and no exhaust fan. There was no one else in the station.

Decedent's body was discovered about 6:10 p.m. by Loren Linn, who resides in Bridgeton, Missouri, and had stopped at the station to get directions to a residence in Livingston, Illinois. Linn entered the station by the front door and noticed the tanker's engine running. He smelled fumes and called out to see if anyone was present. He

saw decedent lying on his back under the pumper truck and left the station to summon help.

When the body was found, the hood to the tanker was still open, and the tools decedent had been using were lying around near the engine where Pollett had seen them earlier.

It was determined the decedent died as a result of carbon monoxide poisoning.

There was no indication that decedent had been depressed in any way or had suffered from any health problems. Decedent had in fact planned to meet his son, Terry Soens, at 4:30 that afternoon at home so that Terry could go with him to the station and help him with the work on the truck's engine. Terry had been unable to get home in time to meet his father, and decedent had gone to the station without him. The Act places the burden of proving wilful misconduct on the Attorney General. (Ill. Rev. Stat. 1979, ch. 48, par. 282(e).) No such evidence was offered.

The Act defines "killed in the line of duty" as "losing one's life as a result of injury received in the active performance of duties as a . . . fireman if the death occurs within one year from the date the injury was received and if that injury arose from . . . accidental cause". (Ill. Rev. Stat. 1979, ch. 48, par. 282(e).) It is the opinion of this Court that the preponderance of evidence indicates that Orville Soens' death was accidental and within the meaning of the Act. The Court therefore orders that compensation under the Act be paid to Claimant in the amount of $20,000.00.